UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTUAN BURRESS-EL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DUKE ENERGY, INC, et al., ) <br> ) <br> Defendants. ) | Civil Action No. 1:23-cv-02967 (UNA) |

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of Plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court will grant the IFP application, and, for the reasons explained below, dismiss this matter without prejudice.

The complaint is not a model in clarity, but, at root, Plaintiff takes issue with an "[e]minent [d]omain[] [p]ipeline [e]xcavation that [d]amaged [his] [p]roperty." Compl. at 7. Plaintiff, a resident of Cincinnati, Ohio, sues seventeen defendants, all of whom are also located in Ohio. *Id.* at 1-6. It appears that Plaintiff is attempting to sue anyone or anything that bears a connection, however tenuous, to the excavation. He alleges that (1) a defendant contractor and the Public Utilities Commission of Ohio ("PUCO") "violated [f]ederal [p]ipeline and [p]ublic [s]afety laws" and created a toxic environment, (2) PUCO "violated [the] USA and Ohio Constitution[s], [and] [f]ederal and [s]tate laws," (3) the Ohio Attorney General "violated his [o]ath to [p]rotect the USA and Ohio Constitution[s] and the people of Ohio," and (4) the Ohio Supreme Court and its justices violated their oaths of office by overseeing related litigation despite an existing conflict of interest. *Id.* at 7. Plaintiff demands equitable relief, $274,500,120 in damages, and "accountability" from the defendants. *Id.* at 6-7. Even after construing the complaint liberally because of Plaintiff's *pro*

*se* status, *see e.g.*, *Theus v. Ally Fin., Inc.*, 98 F. Supp. 3d 41, 45 (D.D.C. 2015), the Court concludes that it must dismiss Plaintiff's complaint for several reasons.

First, Plaintiff cannot meet his burden to establish the Court's jurisdiction over his claims. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (explaining that "the burden of establishing [a federal court's jurisdiction] rests upon the party asserting jurisdiction"); *see also* Fed. R. Civ. P. 8(a) (requiring that a complaint set forth "the grounds for the court's jurisdiction"). "Congress [has] granted federal courts jurisdiction over two general types of cases: cases that 'aris[e] under' federal law, [28 U.S.C.] § 1331, and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties, [*id.*] § 1332(a)." *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). Plaintiff's case does not fall into either category, and no other basis for jurisdiction is apparent from the complaint, and so the Court "must dismiss the action." Fed. R. Civ. P. 12(h)(3).

The complaint's allegations establish that the Court cannot exercise diversity jurisdiction under § 1332. "For jurisdiction to exist under [that statute], there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978)); *see* 28 U.S.C. § 1332(a). Plaintiff alleges that both he and at least one of the defendants, Duke Energy Inc., are citizens of Ohio for jurisdictional purposes.[1] Compl. at 6. The other defendants all appear to also reside in Ohio. *Id.* at 2–5. Since there is not complete diversity, the Court cannot exercise diversity jurisdiction.

---

[1] Specifically, the complaint alleges that Duke Energy is a corporation incorporated and with its principal place of business in Ohio, making it a citizen of Ohio for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c) ("For the purposes of [§ 1332,] . . . a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business . . . ."); *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010).

The complaint also offers no basis on which the Court can exercise federal question jurisdiction under § 1331. Although Plaintiff cites, broadly and in passing, to assorted federal authority, he does not cite any specific statute, treaty, or constitutional provision that grants him a federal cause of action, or identify which, if any, of his federal rights the defendants purportedly violated. His vague allegations "cannot establish this Court's jurisdiction." *Amiri v. Gelman Mgmt. Co.*, 734 F. Supp. 2d 1, 2–4 (D.D.C. 2010) (dismissing complaint for lack of jurisdiction); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 682 (2009) (explaining that "bare assertions" of a constitutional violation are "not entitled to be assumed true").

Second, independent of those jurisdictional defects, the Court would also dismiss—or, at minimum, transfer—the case for improper venue. *See Chevron U.S.A., Inc. v. EPA*, 45 F.4th 380, 384–85 (D.C. Cir. 2022) (explaining that "venue . . . is a threshold, non-merits issue that a court can address without first establishing its jurisdiction"). Venue in a civil action is proper only in (1) the district where any defendant resides, if all defendants reside in the same state in which the district is located; (2) a district in which a substantial part of the events or omissions giving rise to the claim occurred (or in which a substantial part of the property that is the subject of the action is situated); or (3) a district in which any defendant is subject to the court's personal jurisdiction, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b); *see also id.* § 1406(a) (providing for dismissal or transfer for improper venue). None of those criteria make venue in this District proper in this case; indeed, this matter bears no apparent connection to the District of Columbia whatsoever. All of the parties are located in Ohio, and all of the alleged wrongdoing giving rise to this case occurred there as well.

Third, federal district courts generally lack jurisdiction to review judicial decisions by state courts, which is what Plaintiff asks this Court to do, at least in part. *See Richardson v. D.C. Ct. of*

*Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 415 (1923)).  And fourth, the actions of the defendant judges, to the extent they can be discerned, are protected by judicial immunity from any damages claim.  *See Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993) (per curiam); *see also Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) (per curiam).

    For all of these reasons, this case is dismissed without prejudice.  A separate order accompanies this memorandum opinion.

Date:  November 7, 2023

/s/_____
  ANA C. REYES
  United States District Judge